**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **LARRY ATKINSON,** | ) |
| | ) |
| **Plaintiff,** | ) Case No. 06 C 6499 |
| | ) |
| v. | ) Magistrate Judge Morton Denlow |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **COMMISSIONER OF SOCIAL** | ) |
| **SECURITY,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court are cross-motions for summary judgment in this Social Security case. Plaintiff Larry Atkinson ("Plaintiff" or "Atkinson") challenges the decision of Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"), contending that the Commissioner's denial of Atkinson's application for Supplemental Security Income Benefits ("SSI") should be reversed or remanded because the Administrative Law Judge ("ALJ"): (1) failed to obtain a valid waiver of counsel from Plaintiff; (2) failed to adequately develop the record; and (3) did not have substantial evidence to support the finding that Atkinson's condition did not meet or equal a listed impairment. The Commissioner disputes all three issues. For the reasons set forth below, the Court denies Plaintiff's motion for summary judgment and grants the Commissioner's motion for summary judgment.

# I. BACKGROUND FACTS

**A.     Procedural History**

Atkinson filed an SSI application with the Social Security Administration on March 21, 2003. R. 49-50. The application was denied initially on May 21, 2003, R. 26-28, and was denied again upon reconsideration on July 14, 2003. R. 35-38. The Notice of Disapproved Claim sent by the Social Security Commission (the "Commission") on May 21, 2003 informed Atkinson of the right to counsel and the possibility of free counsel or a contingent fee arrangement. R. 28. On August 20, 2003, Atkinson completed a "Request for Hearing by Administrative Law Judge" form. R. 41-42. On that form Atkinson acknowledged that he understood the benefits of a hearing, did not wish to appear at a hearing, and requested the ALJ to adjudicate the case based on the evidence in the record. *Id*. As a result, the ALJ did not hold a hearing.

On September 9, 2003, Chief ALJ Cynthia Bretthauer sent a letter to Atkinson informing him of the hearing's purpose, its process, and some of his rights in relation to the hearing. R. 43-44. The letter informed Atkinson, *inter alia*, that: "You may choose to be represented by a lawyer or other person. A representative can help you get evidence, prepare for the hearing, and present your case at the hearing...Some private lawyers charge a fee only if you receive benefits. Some organizations may be able to represent you free of charge. Your representative may not charge or receive any fee unless we approve it." R. 43. Included with the letter was a list of organizations that would help Atkinson find counsel. R. 45-47.

On August, 25, 2004, the ALJ issued a decision finding Atkinson was not disabled because he was able to perform a significant number of jobs in the national economy. R. 14-23. Atkinson filed a "Request for Review of Hearing Decision/Order" on August 31, 2004. R. 12. The Appeals Council denied review on October 20, 2006, R. 4-8, at which point the ALJ's decision became the final decision of the Commissioner. Plaintiff filed this action pursuant to 42 U.S.C. §405(g) for review of the Commissioner's decision.

**B.    Medical Evidence**

    **1.    Report of Dr. Scott A. Kale**

On April 28, 2003 Scott A. Kale, M.D., examined Atkinson at the request of the State Agency. R. 106-110. Dr. Kale also reviewed the records sent to him by the Commission, including an x-ray of Atkinson's right ankle and foot. R. 106. Atkinson told Dr. Kale that he had experienced severe foot pain since childhood, and the pain is greater in his right foot than his left foot. *Id*. Atkinson told Dr. Kale he could walk less than one block without severe pain, though he does not need a cane to walk. *Id*. Instead he limps on both feet to reduce his discomfort. *Id*. He also denied numbness or tingling of his feet. *Id*.

Dr. Kale's report noted that an x-ray of Atkinson's right foot showed a dramatic lack of long arch tendon with protrusion of the navicular[1] and cuboid[2] bones. R. 108. Dr. Kale noted that Atkinson appeared to be putting all of his weight on these bones. *Id*. Dr. Kale concluded that this was consistent with Atkinson's complaints of severe foot pain. *Id*. He also identified marked flattening with prominence[3] to the mid tarsal[4] bone, on which Atkinson is walking. *Id.* He determined Atkinson's foot pain is the result of marked flattened and 10 degree valgus-directed feet[5]. R. 106, 108. Dr. Kale found his ankles to have a normal range of motion with the exception of inversion,[6] which was ankylosed,[7] and eversion,[8] which was 3/5th the normal range in both feet. R. 108. Dr. Kale also noted that Atkinson had no difficulty getting on and off the exam table, and did not need an assistive device to ambulate. *Id.* Dr. Kale also determined Atkinson was literate and oriented. R.

---

[1]"Central bone of ankle." Stedman's Medical Dictionary 1283 (28th ed. 2006).

[2]"One of the irregularly shaped bones which form the back part of the foot. It is situated on the outer side of the foot, in front of the heel bone." Attorney's Dictionary of Medicine C-516 (40th ed. 2007).

[3]"Tissues or parts that project beyond a surface." Stedman's at 1574.

[4]The tarsal bones are the "seven bones of the instep: talus, calcaneus, navicular, three cuneiform (wedge) and cuboid bones." *Id*. at 242.

[5]Feet are "deformed such that the more distal of the two bones forming the joint deviates away from the midline, as in knock-knee." "Turned outward, bow-legged." *Id*. at 2085.

[6]"Turning inward, upside down, or in any direction contrary to the existing one." *Id*. at 996.

[7]"Stiffened; bound by adhesions; denoting a joint in a state of ankylosis; fused." *Id*. at 95.

[8]"A turning outward, as of the eyelid or foot." *Id*. at 679.

107-08. He was also cooperative and able to relate a clear, concise, and coherent medical history without any apparent cognitive difficulties. *Id.*

### 2. Report of State Agency Physicians Drs. Paul Smalley and Francis Vincent

On May 14, 2003, Paul Smalley, M.D., completed a Physical Residual Functional Capacity Assessment form for the State Agency. R. 111-18. Dr. Smalley based his findings on a review of the evidence on file, not an examination of Atkinson. R. 111. Dr. Smalley found that Atkinson could occasionally lift twenty pounds and frequently lift ten pounds. R. 112. He also found that Atkinson could stand or walk (with normal breaks) for at least two hours in an eight hour workday, and sit (with normal breaks) for about six hours in an eight hour workday. Yet, he must periodically alternate sitting and standing to relieve pain or discomfort. Dr. Smalley also concluded that Atkinson was limited in the lower extremities and should not push or pull due to foot deformity and pain. *Id.* As a result he should never climb ladders, ropes, or scaffolds, but he could occasionally climb ramps or stairs. R. 113. Dr. Smalley found no manipulative, visual, communicative, or environmental limitations. R. 114-115.

Dr. Smalley did find, however, that Atkinson's symptoms were attributable to a medically determinable impairment. R. 116. He also concluded the severity and duration of Atkinson's symptoms was not disproportionate to the expected severity and duration of symptoms given that impairment. Finally, he found the severity of the symptoms and their alleged effect on function was consistent with the total medical and non-medical evidence. *Id.* Dr. Smalley concluded that Atkinson has a sedentary residual functioning capacity

("RFC"). R. 118. On July 3, 2003, Francis Vincent, M.D., another Disability Determination Services physician, reviewed Atkinson's claim file and affirmed the assessments of Dr. Smalley. R. 118.

C. **The ALJ's Decision**

The ALJ delivered a decision denying SSI on August 25, 2004. R. 17-23. The ALJ assessed Atkinson's application for SSI under the five-step sequential analysis. R. 18; *See infra*, Part II.B. Under step one, the ALJ found Atkinson had not engaged in substantial gainful activity since the onset date of his alleged disability. R. 22. Under step two the ALJ found he had severe impairments. R. 18, 22. However, at step three the ALJ determined that Atkinson's impairments did not meet or medically equal any of those listed in the Listing Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. R. 18-19, 22. The ALJ found Atkinson could not perform his past relevant work under step four. R. 21-22. However, under step five, the ALJ found Atkinson had the RFC to perform a significant number of jobs in the national economy and was not disabled. *Id.*

D. **Evidence Submitted to the Appeals Council**

In support of his petition for review, Atkinson sent to the Appeals Council medical records from the Lake County Health Department ("Lake County"), a report from the Scholl College Teaching Clinic ("Scholl Clinic"), and a letter from Kenneth Margules, M.D. R. 126-38, 140-146, 148. The records from Lake County and the report from the Scholl Clinic each reflect visits to health care providers that took place during the time period after the ALJ's decision, from September to December of 2004. R. 126-38, 140-146.

6

The letter from Dr. Margules is dated April 7, 2005. R. 148. In his letter, Dr. Margules details that Atkinson complains of painful feet, is in pain with any weight bearing, and that this pain is promptly reproducible, daily, deep and profound. *Id.* He finds a marked deformity of a herniated tarsal bone, the right worse than the left, with bursal tenderness on each side. *Id.* The deformity is fixed and cannot be reduced actively at the office. *Id.* Dr. Margules states beyond surgery there is no medical therapy available to Atkinson. *Id.* He says that Atkinson is semi-literate. *Id.* The letter finishes with the conclusion that Atkinson is disabled from any type of "manual labor or labor intensive employment," but makes no mention of whether Atkinson is capable of performing sedentary work. *Id.*

## II. LEGAL STANDARDS

**A.     Standard of Review**

The "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). A decision by an ALJ becomes the Commissioner's final decision if the Appeals Council denies a request for review. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000). Under such circumstances, the district court reviews the decision of the ALJ. *Id.* Judicial review is limited to determining whether the ALJ applied the correct legal standards in reaching his decision and whether there is substantial evidence in the record to support the findings. *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting

*Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). A "mere scintilla" of evidence is not enough. *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002) (quoting *Perales*, 402 U.S. at 401). Even when there is adequate evidence in the record to support the decision, however, the findings will not be upheld if the ALJ does not "build an accurate and logical bridge between the evidence and the result." *Ribaudo v. Barnhart*, 458 F.3d 580, 584 (7th Cir. 2006) (quoting *Shramek v. Apfel*, 226 F.3d 809, 811 (7th Cir. 2000)). If the Commissioner's decision lacks evidentiary support or adequate discussion of the issues, it cannot stand. *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

A reviewing court must "conduct a critical review of the evidence" before affirming the Commissioner's decision. *Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005) (quoting *Lopez*, 336 F.3d at 539). It may not, however, re-evaluate the facts, "re-weigh [the] evidence . . . or substitute [its] own judgment for that of the Commissioner." *Rice v. Barnhart*, 384 F.3d 363, 369 (7th Cir. 2004) (citing *Lopez*, 336 F.3d at 539). Thus, judicial review is limited to determining whether the ALJ applied the correct legal standards in reaching a decision and whether there is substantial evidence to support the findings. *Id.* at 368-69. The reviewing court may enter a judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

**B.     Disability Standard**

Disability insurance benefits ("DIB") are available to a claimant who can establish "disability" under the terms of Title II of the Social Security Act. *Rice*, 384 F.3d at 365. An

8

individual is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A disabled individual is eligible for DIB, however, only if she is under a disability. 42 U.S.C. § 423(a)(1)(E). An individual is under a disability if she is unable to do her previous work and cannot, considering her age, education, and work experience, partake in any gainful employment that exists in the national economy. 42 U.S.C. § 423(d)(2)(A). Gainful employment is defined as "the kind of work usually done for pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b).

To make this determination, one must employ a five step sequential analysis. 20 C.F.R. §§ 404.1520(a)-(f). Under this process, the ALJ must inquire, in the following order: (1) whether the claimant is engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment; (4) whether the claimant can perform past relevant work; and (5) whether the claimant is capable of performing any work in the national economy. *White v. Barnhart*, 415 F.3d 654, 657 (7th Cir. 2005). Once the claimant has proven he can not continue his past relevant work because of physical limitations, the ALJ carries the burden to show that other jobs which the claimant can perform exist in the economy. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001).

### III. DISCUSSION

Atkinson raises three issues for judicial review: (1) whether the ALJ failed to obtain

9

a valid waiver of the right to counsel; (2) whether the ALJ failed to adequately develop the record; and (3) whether there is substantial evidence to support the ALJ's decision that Atkinson's foot problems do not equal a listed impairment.

A.      **The ALJ Obtained a Valid Waiver of the Right to Counsel**.

The ALJ obtained a valid waiver of Atkinson's right to counsel. SSI applicants have a statutory right to be represented by counsel. 42 U.S.C. § 406; *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). However, that right may be waived. *Id*. In order for the claimant's waiver to be valid the ALJ must inform *pro se* claimants of three things: (1) the manner in which counsel can aid in the proceedings, (2) the possibility of representation by free counsel or of a contingency arrangement, and (3) the limitation on attorney fees to 25 percent of past due benefits and court approval of the fees. *Id.;* 42 U.S.C. § 406(b)(1).

The May 21, 2003 Notice of Disapproved Claim sent by the Commission informed Atkinson he could have a friend or lawyer assist him with his appeal. R. 28. The notice also informed him that there were groups which could help him find counsel, that there was a possibility of free counsel or a contingency arrangement, and that his local social security office has a list of groups that can help him with his appeal. *Id.* The September 9, 2003, letter sent by Chief ALJ Bretthauer informed Atkinson of the manner in which counsel can aid in proceedings, and informed him of the possibility of free counsel or of a contingency arrangement, and informed him that the ALJ would have to approve any fees. R. 43. The letter also included a list of organizations that would help Atkinson find counsel. R. 45-47. Although neither letter mentioned the limitation on attorney fees to 25 percent of past due

benefits, the Court finds that Atkinson was sufficiently informed of his rights and his waiver was valid.

**B.  The Record is Adequately Developed.**

The ALJ met his burden by probing Plaintiff for possible disabilities and uncovering all of the relevant evidence. *Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1994). This duty to develop the record fully and fairly is met if the ALJ probes the claimant for possible disabilities and uncovers all of the relevant evidence. *Id.* The ALJ had two State Agency physicians review Atkinson's records. R. 111-18. In addition, the ALJ sent Atkinson to see Dr. Kale for an evaluation. R. 106-110. Because Atkinson did not wish to come to a hearing, the ALJ could not probe him for facts. Thus, the Court finds the evidence in the record was sufficient.

Furthermore, the ALJ actively sought to fill any gaps in the record. Atkinson informed the ALJ that he had visited a "University Clinic in North Chicago," and requested that the ALJ receive x-rays from the clinic. R. 39. The ALJ twice subpoenaed the Finch University of Health Sciences/The Chicago Medical School. R. 120-23. The first time the school responded they had no record of a patient by the name of Atkinson. R. 119. The second time the school did not respond. After Atkinson obtained counsel, his counsel sent supplemental records to the Appeals Council. However, Atkinson's counsel has not supplemented the record with these x-rays from the University Clinic, suggesting they cannot be found or do not exist. A claimant has the opportunity to demonstrate prejudice or an evidentiary gap. *Binion*, 13 F.3d at 245. The claimant may demonstrate prejudice by "showing the ALJ failed to elicit all of the relevant information from the claimant." *Id*. The only evidence Atkinson has suggested is missing are the x-rays of the University Clinic, and Atkinson's counsel has failed to supplement the record with these x-rays.

Atkinson's counsel has supplemented the record with medical evaluations that took place after the ALJ's decision, but these records are not available to the Court in evaluating the ALJ's decision. *See Eads*, 983 F.2d at 816-817. The Court must evaluate the ALJ's decision based only on the evidence that was available to the ALJ. *Id*.

However, new evidence weighs heavily in determining whether a remand is necessary. *Binion*, 13 F.3d at 246. The claimant must show the evidence is new, material, and "that there is a good cause for the failure to incorporate such evidence into the record in [the] prior proceeding." 402 U.S.C. 405(g). "'New' means evidence not in existence or available to the

claimant at the time of the administrative proceeding." *Perkins v. Chater*, 107 F.3d 1290, 1296 (7th Cir. 1997). "Materiality" means there is a "reasonable probability" the ALJ "would have reached a different conclusion had the evidence been considered." *Id*. In *Perkins*, the Court found that physicians reports which were prepared after the decision, but were based on information that was available at the time of the decision, were not "new" for purposes of the statute because the evidence was "available" at the time of the earlier proceeding. *Id*.

Similarly, in this case the records from Lake County, the report from the Scholl Clinic, and Dr. Margules's report do not reflect new developments. They are simply reports prepared after the ALJ decision based on information that was available before the decision. R. 126-38, 140-46, 148. Thus, they were "available," though they were not in existence at the time of the administrative proceeding. Atkinson also did not provide the Court with good cause for why he did not submit these reports at the earlier proceeding. Furthermore, Dr. Margules's report concludes only that Atkinson was incapable of performing manual labor; the report does not give an opinion on whether he was incapable of performing sedentary work. R. 148.

For these reasons, the new evidence does not warrant a remand of the case, and the Court cannot utilize the supplemental reports Atkinson has provided as it evaluates the ALJ's decision. Thus, the Court finds that Atkinson has not shown that the record was incomplete.

**C.     Even if the Waiver of Counsel was Invalid the Record was Adequately Developed.**

As noted above, the Court finds the ALJ obtained a valid waiver of the right to counsel, and analyzes the ALJ's duty to develop the record in that light. However, the ALJ would have also met his burden under the heightened standard of review that would have resulted had the waiver been invalid. "The ALJ's failure to obtain a valid waiver of counsel heightens his duty to develop the record." *Skinner*, 478 F.3d at 841. As a result of a failure to obtain a valid waiver of a claimant's right to counsel, "the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." *Id*. at 841-842. The failure to obtain a valid waiver places the burden on the Commissioner to show the ALJ adequately met his duty to develop the record. *Id*. at 842. Assuming *arguendo* that the waiver was invalid, the Court still finds the ALJ met his burden to adequately develop the record, and Atkinson failed to rebut that showing.

**D.    Substantial Evidence Supports the ALJ's Finding that Atkinson's Condition Did Not Meet or Equal a Listed Impairment.**

Atkinson's final argument is that the ALJ failed to find that his severe foot problem met or equaled a listed impairment. As noted above, judicial review is limited to determining whether the ALJ applied the correct legal standards in reaching his decision and whether there is substantial evidence in the record to support the findings. *Lopez*, 336 F.3d at 539. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The ALJ evaluated Atkinson under the five step sequential analysis. 20 C.F.R. §§ 404.1520(a)-(f). Atkinson contests the ALJ's determination at step three that his impairment did not meet or equal a

14

listed impairment. Yet, Atkinson provides no objective medical evidence that supports his contention that he meets a listing, or that he is incapable of performing sedentary work. The Court finds the three medical experts' opinions constitute substantial evidence which supports the ALJ's decision.

The record available to the ALJ contained the two Disability Determination and Transmittance forms, which are signed by the State Agency physicians. An ALJ may properly rely upon these forms in reaching his decision. *Sheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004). Disability Determination and Transmittance forms "conclusively establish that 'consideration by a physician...designated by the Commissioner has been given to the question of medical equivalence at the initial and reconsideration levels of administrative review.'" *Id*. An "ALJ may properly rely upon the opinion of these medical experts" when determining whether a claimant's impairment is a listed impairment. *Id*. Both Dr. Smalley and Dr. Vincent declared their respective opinions in these forms that Atkinson was not disabled. R. 24, 25.

Atkinson argues that he meets Listing 1.02. However, this Listing requires the applicant be unable to ambulate effectively. 20 C.F.R. Pt. 404, Subpt. P, App. 1. Dr. Kale's examination notes say Atkinson was able to ambulate effectively without using an assistive device. R. 108. Thus, in light of Dr. Kale's notes and the evaluations of Drs. Smalley and Vincent, the Court finds there is substantial evidence to support the ALJ's determination that Atkinson does not meet this listing.

## IV. CONCLUSION

The Court finds that the waiver of counsel was valid, the ALJ adequately developed the record, and there is substantial evidence to support the ALJ's decision that Atkinson's foot problems do not equal a listed impairment.  **For the reasons set forth in this opinion, the Court denies Plaintiff's motion for summary judgment, and grants the Commissioner's motion for summary judgment and affirms the Commissioner's decision that Plaintiff is not disabled.**

**SO ORDERED THIS 3rd  DAY OF DECEMBER, 2007.**

*Morton Denlow*
_____
**MORTON DENLOW
UNITED STATES MAGISTRATE JUDGE**

**Copies sent to:**

Erwin Cohn
Cohn & Cohn
77 West Washington Street, Suite 1422
Chicago, IL 60602

Counsel for Plaintiff

James B. Geren
Assistant Regional Counsel, Region V
Social Security Administration
200 West Adams Street, 30th Floor
Chicago, Illinois 60606

Counsel for Defendant

Joan C. Laser
Assistant United States Attorney
219 South Dearborn Street
Chicago, IL 60604

Counsel for Defendant